**The CIT GROUP/BUSINESS CREDIT, INC., Plaintiff,**

v.

**GRACO FISHING AND RENTAL TOOLS, INC. et al., Defendants.**

**No. 09 Civ. 9861.**

United States District Court, S.D. New York.

Sept. 23, 2011.

John Peter Amato, Sr., Maria Anna Arnott, Hahn & Hessen LLP, New York, NY, for Plaintiff.

David H. Pikus, Bressler, Amery & Ross, PC, New York, NY, Eric C. Olson, Kirton & McConkie, Salt Lake City, UT, Pro Hac, Vice, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff The CIT Group/Business Credit, Inc. ("CIT") brought this action against defendants Graco Fishing and Rental Tools, Inc. ("Graco"), Dan–Rad Company, LLC and Dan J. Rambo (collectively, "Defendants") alleging breach of an Amended and Restated Loan and Security Agreement dated October 29, 2003 ("Credit Agreement"). Graco seeks an offset against the loan balance otherwise due to

CIT for lost profits, in addition to other damages it attributes to CIT.

The Court has received two motions *in limine* pertaining to the bench trial in this matter scheduled to begin September 26, 2011. CIT requests that the Court preclude the proposed expert testimony offered by Defendants of (1) Patrick J. Kilbourne ("Kilbourne") and (2) Donald R. Parker ("Parker").[1] For the reasons listed below, the Court GRANTS in part and DENIES in part the motion as to Kilbourne and GRANTS in part and DENIES in part the motion as to Parker.

## I. *LEGAL STANDARD*

■ Federal Rule of Evidence 702 ("Rule 702") governs the admissibility of expert testimony and provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. A trial court must decide whether a qualified expert's testimony rests on a reliable foundation, or is simply based on "subjective believe or unsupported speculation." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 590, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The testimony must "assist the trier of fact to understand the evidence or determine a fact in issue." *Id.* at 591, 113 S.Ct. 2786 (internal quotation marks omitted).

■ Under *Daubert,* the Court's inquiry must focus "not on the substance of the expert's conclusions, but on whether those conclusions were generated by a reliable methodology." *Trouble v. Wet Seal, Inc.,* 179 F.Supp.2d 291, 301 (S.D.N.Y.2001). Questions about the weight or the sufficiency of the evidence upon which the expert relied, or the conclusions generated therefrom, are for cross-examination. *See Discover Fin. Servs. v. Visa U.S.A., Inc.,* 582 F.Supp.2d 501, 507 (S.D.N.Y.2008).

In *Daubert,* the Supreme Court set out a list of nonexhaustive factors that a trial court may consider in determining whether an expert's reasoning or methodology is reliable: (1) whether the theory or technique upon which the expert relies has been tested—that is, whether the expert's technique can be challenged in some objective sense, or whether it is simply a subjective, conclusory approach that cannot rea-

1. CIT's opening Memorandum of Law in Support of Plaintiff's Combined Motions in *Limine,* dated August 19, 2011, additionally requested that the Court (i) exclude the expert report of Kilbourne; (ii) exclude the expert report of Parker; (iii) exclude certain documents and preclude the testimony of certain witnesses pursuant to Rule 37(c) of the Federal Rules of Civil Procedure; and (iv) exclude all evidence concerning Graco's alleged lost profits. (*See* Docket No. 71.) By Order dated August 30, 2011, the Court summarily denied request (iv) and directed Defendants to respond to CIT's remaining requests. (*See* Docket No. 75.) On August 31, 2011, the parties filed their joint pre trial order ("JPTO"), in which Defendants indicated that they did not intend to introduce the expert reports of Kilbourne or Parker, or the documents and witnesses to which CIT objected in request (iii). (*See* Docket No. 76.) The JPTO therefore moots CIT's requests (i), (ii) and (iii). Consequently, the only issues presented in CIT's reply Memorandum of Law in Further Support of its Combined Motions in *Limine*—and thus the only issues before the Court—relate to the proposed expert testimony of Kilbourne and Parker. (*See* Docket No. 85.)

sonably be assessed for reliability; (2) whether the theory or technique has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the theory or method has been generally accepted by the expert community. *See Daubert,* 509 U.S. at 593–94, 113 S.Ct. 2786.

■ The test of reliability, however, is a "flexible" one, and the factors set forth in *Daubert* do not constitute a definitive checklist or test. *See Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 150, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). Whether the *Daubert* factors are pertinent to assessing reliability in a particular case depends on "the nature of the issue, the expert's particular expertise, and the subject of his testimony," and "a trial court should consider the specific factors identified in *Daubert* where they are reasonable measures of the reliability of expert testimony." *Id.* In short, "the gatekeeping inquiry must be 'tied to the facts' of a particular case," *id.* (*quoting Daubert,* 509 U.S. at 591, 113 S.Ct. 2786), and "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.* at 152, 119 S.Ct. 1167. No single factor is necessarily dispositive of the reliability of a particular expert's testimony and a "review of the case law after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule." Fed.R.Evid. 702 advisory committee's note.

## II. PROPOSED EXPERT TESTIMONY OF KILBOURNE

CIT seeks to preclude the proposed expert testimony of Kilbourne regarding Graco's alleged lost profits stemming from Graco's failed acquisitions of two companies, F & F Tool and Jim's Rental. CIT also seeks to preclude the proposed expert testimony of Kilbourne regarding Graco's alleged lost profits related to its contract with a third company, Occidental Permian LTD ("Occidental").

### A. F & F TOOL AND JIM'S RENTAL

■ "Assumptions based on conclusory statements of the expert's client, rather than on the expert's independent evaluation are not reasonable." *Supply & Bldg. Co. v. Estee Lauder Int'l, Inc.,* No. 95 Civ. 8136, 2001 WL 1602976, at *4 (S.D.N.Y. Dec. 14, 2001) (collecting cases); *Arista Records LLC v. Usenet.com, Inc.,* 608 F.Supp.2d 409, 424–25 (S.D.N.Y.2009). As to F & F Tool, Kilbourne notes that the target's asking price was $6 million, but he assumes that Graco would have paid $5 million for the company "based on [his] conversations with Graco management regarding its anticipated purchase price." (Kilbourne Rpt. at 10.) Similarly, as to Jim's Rental, Kilbourne notes that the company was valued at $8.3 to $10.5 million by an outside firm, yet he assumes that Graco would have paid only $5.5 million for the company because "Graco felt that it could have closed this deal for such a price." (*Id.* at 11.) In each case Kilbourne's opinion is based on his client's unrealistic assumptions as to purchase price and not on his own independent evaluation.

The Court concludes that Kilbourne's opinion regarding lost profits stemming from the F & F Tool and Jim's Rental transactions is inadmissible because Kilbourne "based his opinion on the conclusory statements of [Graco] management, and not on his independent evaluation of the facts." *See Argus, Inc. v. Eastman Kodak Co.,* 612 F.Supp. 904, 926 (S.D.N.Y.1985).

The Court therefore precludes the proposed expert testimony of Kilbourne as to Graco's lost profits stemming from the failed acquisitions of F & F Tool and Jim's Rental.

In light of this conclusion, the Court need not reach CIT's argument that Kilbourne's damage calculations as to F & F Tool and Jim's Rental are methodologically flawed.

### B.   *OCCIDENTAL*

■   As to Occidental, CIT concedes that Kilbourne's opinion is based on "the monthly revenue Graco received from Occidental, the monthly costs incurred by Graco in fulfilling the contracts with Occidental, and the terms of the contracts themselves." (Reply Mem. at 4.) Those bases for expert opinion are permissible under Rule 702 and *Daubert.* Kilbourne's testimony is therefore admissible as to the measure of lost damages attributable to the cancelled Occidental contract, and CIT's motion to preclude that testimony is DENIED.

■   The Court notes, however, that Kilbourne's testimony is not admissible to prove the underlying facts concerning the Occidental transaction because, as CIT points out, Kilbourne's knowledge of that transaction is based on hearsay. While an expert may rely on hearsay in forming his opinion, he may not. "simply transmit that hearsay to the jury" to prove the truth of the matter asserted. *Arista Records LLC,* 608 F.Supp.2d at 425 (*quoting United States v. Mejia,* 545 F.3d 179, 197–98 (2d Cir.2008)). Consequently Defendants may not rely on Kilbourne's testimony to establish CIT's liability for losses stemming from the Occidental contract. *See Highland Capital Mgmt., L.P. v. Schneider,* 551 F.Supp.2d 173, 187 (S.D.N.Y.2008) (expert witness "cannot provide a factual narrative").

### III.   *PROPOSED EXPERT TESTIMONY OF PARKER*

CIT seeks to preclude the proposed expert testimony of Parker as to (1) "the materiality of each identified Graco default" under the Credit Agreement and (2) whether CIT acted in bad faith in asserting that each identified Graco default was material. (Parker Rpt. at 8, 25–26.) CIT submits that Parker's testimony would amount to impermissible conclusions as to the ultimate factual and legal issues to be tried.

■   Federal Rule of Evidence 704 provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Nevertheless, expert testimony must not usurp the role of the fact-finder, and an expert "may not give testimony stating ultimate legal conclusions." *In re Methyl Tertiary Butyl Ether ("MBTE") Prods. Liab. Litig.,* MDL No. 1358, 2008 WL 1971538, at *13 (S.D.N.Y. May 7, 2008).

■   Although Parker's proposed testimony to establish prevailing customs and practices in the commercial lending industry is relevant and reliable and would be admissible for that purpose, he may not go so far as to opine as to whether certain events constituted a material breach of the Credit Agreement. *See Highland Capital Mgmt.,* 551 F.Supp.2d at 187. That testimony would constitute an impermissible opinion as to an ultimate legal conclusion in this case.

■   Additionally, expert testimony is not admissible to establish a fact fundamentally grounded on a party's state of mind. *Id.* Consequently Parker cannot

testify as to his opinion that CIT acted in bad faith. *See Deutsch v. Novartis Pharms. Corp.,* 768 F.Supp.2d 420, 448 (E.D.N.Y.2011). Finally, Parker cannot give his opinion as to the credibility of witnesses. *See Highland Capital Mgmt.,* 551 F.Supp.2d at 180. CIT's motion to preclude the proposed expert testimony of Parker is therefore GRANTED in part and DENIED in part.

## IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the combined motions *in limine* (Docket No. 69) of plaintiff The CIT Group/Business Credit, Inc. is **GRANTED** in part and **DENIED** in part.

**SO ORDERED.**